UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES and ALBERTA MIDDLESWORTH.<br><br>                Plaintiffs,<br><br>      v.<br><br>OAKTREE COLLECTIONS, INC.,<br><br>                Defendant. | 1:09-CV-601 OWW BAK [SMS]<br><br>MEMORANDUM DECISION AND ORDER RE APPLICATION FOR DEFAULT JUDGMENT. |

Plaintiffs Charles and Alberta Middlesworth filed a first amended complaint ("FAC") for unlawful debt collection practices under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, on May 7, 2009.  Doc. 6.  They allege that Defendant, Oaktree Collections, Inc., placed threatening, harassing, and abusive collection calls to Plaintiffs demanding payment for an alleged debt and threatening to repossess Plaintiffs' vehicle and report Plaintiffs to credit bureaus, even though Defendant had no intention of doing so, all in violation of FDCPA.  *See* FAC ¶ 25(a)-(g).  In addition, Plaintiffs allege that Defendant violated FDCPA by failing to disclose in subsequent communications that the communications were from a debt collector and by engaging in unconscionable means to collect or attempt to collect an alleged debt.  *See* FAC

1

¶25(h)-(i).

The amended complaint was served on Mr. Terry Brayban, at Defendant's business address, 20424 W. Valley Blvd., #B, Tehachapi, CA 93561 on May 20, 2009. Doc. 8.  Default was entered on July 17, 2009.  Doc. 13.  Plaintiff now seeks entry of default judgment in the amount of $5,350.58, representing statutory damages in the amount of $1000.00 under 15 U.S.C. § 1692k(a)(2)(A), $3114.90 in attorney's fees, $485.68 in costs, and $750.00 in anticipated collection costs.  Doc. 14.

A.   <u>$1000.00 in Statutory Damages is Justified.</u>

The FAC alleges only one claim describing conduct that allegedly resulted in nine separate violations of the FDCPA.  *See* FAC ¶25.  Title 16, United States Code, section 1692(k)(a) provides:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000....

Defendant has not offered any evidence to counter Plaintiffs' allegations that Defendant used harassing and abusive language to collect an alleged debt, which makes out a prima facie violation of 15 U.S.C.

2

1692d(1)("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."). In light of Defendants' default and the allegations in the complaint, Plaintiffs prevail on their statutory damages claim and are entitled to a judgment in the amount of $1000.00.

B.   $3,114.90 in Attorney's Fees is Reasonable.

Section 1692k(a)(3) provides that in the case of any successful action to enforce liability under FDCPA, a prevailing plaintiff may recover "the costs of the action, together with a reasonable attorney's fee as determined by the court."

The declarations and attachments submitted in connection with the application for default judgment demonstrate that the attorney's fees requested are reasonable. One attorney who bills at $394/hour spent just over two hours on the case, another who bills at $290/hour, spent two and a half hours on the matter, while a third attorney, who bills at $250/hour, spent less than five hours on the case. In addition, a paralegal, who bills $125/hour, worked less than four hours on the case. The total time spent on the case by the firm was less than thirteen hours. This is a

3

reasonable expenditure of time to, among other things, draft, serve, and file a complaint, an amended complaint, and move for entry of default judgment.

C.   **$485.68 in Costs is Reasonable.**

Plaintiffs request $485.68 in costs, representing $350.00 in filing fees and $135.98 for service of process.  This is a reasonable request.

D.   **$750.00 in Anticipated Collection Costs.**

Plaintiffs also seek $750.00 in anticipated collection costs.  Plaintiffs cite no authority for an award of anticipated collection costs.  The plain language of § 1692k states that "the costs of the action" itself may be recovered, but does not provide for costs incurred in enforcing a resulting judgment. *See Molinar v. Coleman*, 2009 WL 435274, *3 (N.D. Tex. 2009).  This request is DENIED.

E.   **Entry of Default Judgment Is Appropriate.**

Granting a motion for default judgment is within the Court's discretion pursuant to Rule 55(b)(2).  *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  The following factors apply: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of

4

the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure.

Here, prejudice is not an issue.  Plaintiffs' allegations, although straightforward, make out a prima facie allegation of unfair debt collection under FDCPA.  Finally, the judgment sought less than $5000.00.  Defendant will not be substantially burdened by entry of default judgment.  The *Eitel* factors favor entry of default judgment, notwithstanding the preference for disposition of cases on the merits.  *Eitel*, 782 F.2d at 1471-72.

Plaintiffs' motion for entry of default judgment is GRANTED IN PART.  Judgment shall be entered in favor of Plaintiff and against Defendant in the amount of $4,600.58, which includes $1000.00 in statutory damages, $3114.90 in attorney's, fees and $485.68 in costs.


SO ORDERED
DATED:   November 3, 2009

            /s/ Oliver W. Wanger
              Oliver W. Wanger
           United States District Judge